In re JOHN RUSSELL CUTLERY CO.

(Circuit Court, D. Massachusetts. May 23, 1893.)

No. 3,654.

CUSTOMS DUTIES—CLASSIFICATION—MOTHER-OF-PEARL.

   Mother-of-pearl, cut into slabs, and designed for use in the manufacture of knife handles, is dutiable at 40 per cent. ad valorem, under paragraph 462 of the tariff act of October 1, 1890, as a manufacture of "mother-of-pearl," and not at 10 per cent. ad valorem, under section 4 of said act, as a nonenumerated unmanufactured article.

Petition by the John Russell Cutlery Company for a review of the decision of the board of general appraisers affirming the action of the collector in classifying certain merchandise for duty. Affirmed.

Charles P. Searle, for petitioner.

Henry A. Wyman, Asst. U. S. Atty., for collector.

COLT, Circuit Judge. This is a petition for review under section 14 of the customs administrative act of June 10, 1890, (26 Stat. 137.) The merchandise in question was mother-of-pearl cut into slabs, designed for use in the manufacture of knife handles. The collector classified the import under paragraph 462 of the tariff act of October 1, 1890, (26 Stat. 602,) as a manufacture of mother-of-pearl, and assessed a duty of 40 per centum ad valorem. The board of general appraisers affirmed the action of the collector. The petitioner contends in its assignment of errors that this classification was wrong, and that the merchandise was only subject to a duty of 10 per centum ad valorem, under section 4 of said act, as a nonenumerated unmanufactured article. Paragraph 673 of the free list of the tariff act of 1890 reads as follows: "Pearl, mother of, not sawed, cut, polished, or otherwise manufactured." In the previous tariff act of March 3, 1883, (22 Stat. 520,) the provision in the free list was as follows: "Pearl, mother of." It is evident that, by inserting the words "not sawed, cut, polished," in this paragraph in the act of 1890, congress no longer intended to admit free mother-of-pearl in these forms; and, further, by the use of the words "or otherwise manufactured," it is to be inferred that congress intended that all sawed, cut, or polished mother-of-pearl should be classified as a manufactured article. The treasury decisions under the old tariff acts afford us no guide in this case, owing to the changes made in the language of the statute. Paragraph 462 of the act of 1890 is as follows:

"Manufactures of ivory, vegetable ivory, mother-of-pearl, and shell, or of which these substances, or either of them, is the component material of chief value, not specially provided for in this act, forty per centum ad valorem."

Taking this paragraph in connection with paragraph 673, I am satisfied that congress intended to designate for tariff purposes mother-of-pearl, cut or sawed into slabs, as a manufactured article, and therefore subject to a duty of 40 per centum ad valorem, and that it should not be classified, as contended for by the petitioner, as a nonenumerated unmanufactured article, under section 4 of said act. Having reached this conclusion it is unnecessary to inquire whether or not, in a commercial sense, mother-of-pearl slabs are a manufacture of shell.

The decision of the board of general appraisers is affirmed.