UNITED STATES v. SIMON et al.

(Circuit Court, S. D. New York.   December 9, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—INDIA RUBBER TUBING.

India rubber tubing, in meter lengths, colored, chiefly used in making stems of artificial flowers, were dutiable as manufactures of India rubber, under paragraph 460 of the act of 1890, and not as parts of artificial flowers, under paragraph 443, not being any finished part of an artificial flower.

This was an appeal by Simon & Co. from a decision of the board of general appraisers as to the classification for duty of certain imported merchandise.

Stephen G. Clarke, for plaintiffs.
Henry D. Sedgwick, Asst. U. S. Atty.

WHEELER, District Judge.   This importation is of small India rubber tubing, in meter lengths, colored, the chief use of which is for the making of the stems of artificial flowers.   They have been classified as parts of artificial flowers, under paragraph 443 of the tariff act of 1890, against a protest that they are manufactures of India rubber, under paragraph 460.   Cadwalader v. Wanamaker, 149 U. S. 532, 13 Sup. Ct. 979, 983, and Magone v. Wiederer, 159 U. S. 555, 16 Sup. Ct. 122, are relied upon to support this decision. The former was one of the hat-trimmings cases, and covered materials for hats.   The latter was for glasses which had been made for parts of clocks, as to which the case showed "that the pieces had been cut and manufactured to sizes suitable for clocks, and that the edges had been ground and beveled so as to cause the glass to be ready for fitting into the dials and frames of the clocks, for which the glasses had been in advance prepared; in other words, that the glass was a finished product, ready for use in clocks, without any further labor or preparation whatever."   The paragraph under which this manufacture was assessed does not provide a duty on materials for artificial flowers, but for parts of artificial flowers, which distinguishes this importation from that in the former case; and this tubing is not any finished part of an artificial flower, but is merely a material from which the stems, as such a part of an artificial flower, can be made.   As this tubing is not a part of an artificial flower, the protest should be sustained.   Decision reversed.