UNITED STATES v. UNITED STATES EXP. CO.

(Circuit Court, S. D. New York.   May 17, 1899.)

No. 2,809.

CUSTOMS DUTIES—CLASSIFICATION—PEARL SCALES.
  Strips of pearl, commonly called "pearl scales" or "stock pearl," chiefly used for knife handles, but also used on fans, opera glasses, button hooks, and for inlaid work, are dutiable under paragraph 450 of the tariff act of 1897, as "manufactures of mother-of-pearl, not specially provided for," and not under paragraph 153, as "parts of knives, wholly or partly manufactured."

Appeal by the United States from a decision of the board of general appraisers which reversed the action of the collector of customs in assessing duty upon the importations in question.

Henry C. Platt, Asst. U. S. Atty.
Howard T. Walden, for appellees.

TOWNSEND, District Judge. The articles in question are strips of pearl, commercially known as "pearl scales" or "stock pearl," classified for duty at 5 cents apiece, as "parts of knives, wholly or partly manufactured," under paragraph 153 of the act of 1897. The importer protests, claiming that the articles are dutiable at 35 per cent. ad valorem, under paragraph 450 of said act, as "manufactures of mother-of-pearl, not specially provided for." It is agreed that they are not raw material, but manufactured articles. The question presented is whether they are parts of knives. On behalf of the United States it is urged that inasmuch as in some cases they are shipped, in accordance with orders, in certain sizes, and inasmuch as their chief use is for knife handles, they are parts

of knives, partly manufactured, under the decisions in Magone v. Wiederer, 159 U. S. 555, 16 Sup. Ct. 122, In re Blumenthal, 51 Fed. 76, and U. S. v. Simon, 84 Fed. 154. It further appears, however, that the articles in question are the cheapest quality of pearl, are sometimes sold by the pound and in all sizes and shapes, and are used on fans and opera glasses, for inlaying work, and for the handles of button hooks, corkscrews, and other articles. And inasmuch as in their present condition they are not necessarily a part of a knife handle, and would not necessarily be recognized as such, and are not in such a condition as to be part of the knife without being further advanced by filing, drilling, and trimming, in order to adapt them to the shapes of the knife handles and to fasten them thereto, I think the United States has failed to show that the goods are anything more than the material from which parts of pocketknives may be manufactured. This conclusion is strengthened by the decisions in Re John Russell Cutlery Co., 56 Fed. 221, Worthington v. Robbins, 139 U. S. 341, 11 Sup. Ct. 581, and U. S. v. Simon, 84 Fed. 154. The decision of the board of general appraisers is affirmed.