## UNITED STATES v. DODGE (No. 2555) [1]

1. RUGS, WOVEN WHOLE AND MADE UP.

   Tariff legislation on rugs and the interpretation of that legislation by courts of last resort disclose that Congress has distinguished between rugs woven whole and rugs made or cut from carpets or carpeting or other fabrics.

2. CONSTRUCTION, PARAGRAPH 910, TARIFF ACT OF 1922—"MANUFACTURES, IN ANY FORM, MADE OR CUT FROM COTTON PILE FABRICS."

   Rugs woven whole are not within the provision of paragraph 910, Tariff Act of 1922, for "Manufactures, in any form, made or cut from cotton pile fabrics."

3. RELATIVE SPECIFICITY.

   The provision of paragraph 1022, Tariff Act of 1922, for "rugs, made wholly of cotton," is more specific than that of paragraph 910 for "manufactures, in any form, made or cut from cotton pile fabrics," whether or not the rugs were woven whole.

### United States Court of Customs Appeals, November 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 48575

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*J. A. Kemp*, special attorney, of counsel), for the United States.
*B. A. Levett* for appellee.

[Oral argument Oct. 14, 1925, by Mr. Hoppin and Mr. Levett]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Rugs made wholly of cotton were classified by the collector of customs at the port of New York as manufactures, in any form, made or cut from cotton pile fabrics. In accordance with that classification the importation was assessed for duty at 50 per centum ad valorem under that part of paragraph 910 of the Tariff Act of 1922, which reads as follows:

PAR. 910. * * * manufactures, in any form, made or cut from cotton pile fabrics, 50 per centum ad valorem.

The importer protested that the goods were rugs made wholly of cotton and that they were dutiable under that part of paragraph 1022 of the Tariff Act of 1922, which is as follows:

PAR. 1022. * * * carpets, carpeting, mats, matting, and *rugs, made wholly of cotton* * * * 35 per centum ad valorem.

The Board of General Appraisers sustained the protest and the Government appealed.

The undisputed evidence in the case establishes that the rugs are made on rug looms such as are used for making velvet carpets and velvet rugs; that the *merchandise is woven on the loom into rugs 70 by*

---

[1] T. D. 41176.

*140 centimeters in size* and that nothing remains to be done to the rugs after they come from the loom except to cut the selvage and to sew it fast after turning it over close to the pattern; that with the exception of the selvage the rug has a pile; that is to say, a surface like moquette or plush.

Tariff legislation on rugs and the interpretation of that legislation by the courts of last resort, disclose that Congress has distinguished between rugs woven whole and rugs made or cut from carpets or carpeting or other fabrics. Paragraph 378, tariff act of 1883, paragraphs 300 and 303, tariff act of 1913. See *Beuttell* v. *Magone,* 157 U. S. 154, 158, 160.

From the record *as made* it appears that the rugs here involved are woven into *rugs on the loom* and that they are not made from pile fabrics which have been first woven and then cut or made into rugs. If the rugs are so manufactured the importation is not within the language of paragraph 910. However, if it had been proven that the rugs in issue were made or cut from pile carpets or from pile carpeting or from some other pile fabric that fact would not subject them to the operation of paragraph 910 in the presence of the competing provision for *rugs made wholly of cotton.*

If the rugs be cotton pile fabrics they belong to that special class of cotton pile fabrics known as rugs. The designation "rugs made wholly of cotton," includes nothing more than cotton rugs with a pile and cotton rugs without it, if any such there be. "Rugs made wholly of cotton" is therefore a more specific designation than "pile fabrics" which embraces not only cotton pile rugs, but cotton velvets and plushes, pile carpets and carpeting, chenille textiles and all other cotton pile fabrics regardless of their use or purpose.

Manifestly "rugs made wholly of cotton" is a more specific and less comprehensive term than the designation "*manufactures in any form* made or cut from cotton pile fabrics." The phrase "manufactures in any form made or cut from cotton pile fabrics" is broad enough to comprise not only rugs made or cut from cotton pile fabrics, but cotton velour hats, corduroy clothing, velveteen and cotton plush dresses and coats and every other article manufactured from cotton pile fabrics.

If paragraph 910 be more specific than the provision in paragraph 1022 for rugs made wholly of cotton, then certainly paragraph 1110 is more specific than paragraphs 1116, 1117, and 1118; and all kinds of woolen carpets and rugs, as well as screens and hassocks made of carpets, must be subjected to the duty of 40 cents a pound and 50 per centum ad valorem imposed by paragraph 1110 instead of the duty specifically prescribed for such goods in the three paragraphs last named.

The interpretation for which the Government contends would, if sustained and consistently followed, result in the invasion of more specific provisions of the tariff act and render some of them utterly ineffective and inoperative.  We are not disposed to ignore the rule that relative specificity must control in case a commodity is within the language of two or more provisions of a tariff act and much less are we inclined to establish a precedent which would make waste paper of provisions which Congress deliberately passed and made a part of the tariff act.

The judgment of the Board of General Appraisers is *affirmed*.