UNITED STATES *v*. ALTMAN & Co. (No. 2552) [1]

COTTON PILE RUGS—RELATIVE SPECIFICITY.
"The provision of paragraph 1022, Tariff Act of 1922, for 'rugs, made wholly of cotton,' is more specific than that of paragraph 910 for 'manufactures, in any form, made or cut from cotton pile fabrics,' whether or not the rugs were woven whole" (*United States* v. *Dodge*, 13 Ct. Cust. Appls. 222, T. D. 41176); and it, therefore, classifies rugs made of cotton pile fabrics and used for floor coverings.

## United States Court of Customs Appeals, November 21, 1925

APPEAL from Board of United States General Appraisers, Abstract 48562

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.
*Marlow & Hines* for appellee.

[Oral argument Oct. 15, 1925, by Mr. Lawrence and Mr. Hines]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

An importation consisting of rugs composed of cotton pile fabrics was assessed for duty by the collector at 50 per centum ad valorem under paragraph 910 of the Tariff Act of 1922, which reads as follows:

PAR. 910. Pile fabrics, composed wholly or in chief value of cotton, including plush and velvet ribbons, cut or uncut, whether or not the pile covers the whole surface, and manufactures, in any form, made or cut from cotton pile fabrics, 50 per centum ad valorem; terry-woven fabrics, composed wholly or in chief value of cotton, and manufactures, in any form, made or cut from terry-woven fabrics, 40 per centum ad valorem.

The case was submitted to the Board of General Appraisers on the following stipulation:

STIPULATION OF COUNSEL

BOARD OF UNITED STATES GENERAL APPRAISERS

In the matter of Protest No. 22935G/4536 of B. Altman & Co. on Cottons (Rugs)

It is stipulated between the Assistant Attorney General, attorney for the United States, and Marlow & Hines, attorneys for the importer herein, that the merchandise covered by this protest consists of Jacquard figured rugs composed of cotton pile fabrics and used for floor coverings.
The protest is submitted on this stipulation.
Dated New York, August 13, 1924.   *  *  *

[1] T. D. 41219.

The importers claimed, and the board held, that the merchandise was more specifically provided for as "rugs, made wholly of cotton," under paragraph 1022 of the Tariff Act of 1922, which reads as follows:

PAR. 1022. Common China, Japan, and India straw matting, and floor coverings made therefrom, 3 cents per square yard; carpets, carpeting, mats, matting, and *rugs, made wholly of cotton,* flax, hemp, or jute, or a mixture thereof, 35 per centum ad valorem; all other floor coverings not specially provided for, 40 per centum ad valorem.     (Italics ours.)

It is claimed by the Government that the provision for "* * * manufactures, in any form, made or cut from cotton pile fabrics," contained in paragraph 910, supra, is a more specific designation of the merchandise in question than the provision for "rugs, made wholly of cotton," contained in paragraph 1022, supra.

The question presented in this case has been decided by this court in the case of *United States* v. *Dodge,* 13 Ct. Cust. Appls. 222, T. D. 41176.   While the facts in that case were not exactly the same as in the case now under consideration, nevertheless, in holding that pile rugs woven on the loom and not cut or made from pile fabrics were more specifically provided for as "rugs, made wholly of cotton," in paragraph 1022, supra, the court, in an opinion by Smith, Judge, said:

From the record *as made* it appears that the rugs here involved are woven into *rugs on the loom* and that they are not made from pile fabrics which have been first woven and then cut or made into rugs.   If the rugs are so manufactured the importation is not within the language of paragraph 910.   However, if it had been proven that the rugs in issue were made or cut from pile carpets or from pile carpeting or from some other pile fabric that fact would not subject them to the operation of paragraph 910 in the presence of the competing provision for *rugs made wholly of cotton.*

If the rugs be cotton pile fabrics they belong to that special class of cotton pile fabrics known as rugs.   The designation "rugs made wholly of cotton," includes nothing more than rugs with a pile and rugs without it, if any such there be.   "Rugs made wholly of cotton" is therefore a more specific designation than "pile fabrics" which embraces not only cotton pile rugs, but cotton velvets and plushes, pile carpets and carpeting, chenille textiles and all other cotton pile fabrics regardless of their use or purpose.

Manifestly "rugs made wholly of cotton" is a more specific and less comprehensive term than the designation *"manufactures in any form* made or cut from cotton pile fabrics."   The phrase "manufactures in any form made or cut from cotton pile fabrics" is broad enough to comprise not only *rugs* made or cut from cotton pile fabrics, but cotton velour hats, corduroy clothing, velveteen and cotton plush dresses and coats, and every other article manufactured from cotton pile fabrics.

We are unable to use language more expressive of the views we hold in this case.   We think the board reached the right conclusion and its judgment is *affirmed.*