ANGEL & CO. (INC.) *v.* UNITED STATES (No. 2808) [1]

United States Court of Customs Appeals, April 4, 1927

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter* and *Philip Stein,* special attorneys, of counsel), for the United States.

[Oral argument March 18, 1927, by Mr. Place and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

So-called "extraction thimbles" imported at the port of New York were classified by the collector of customs as manufactures of paper, not specially provided for, and assessed for duty at 35 per centum ad

---

[1] T. D. 42132.

valorem under that part of paragraph 1313. of the Tariff Act of 1922 which reads as follows:

1313. * * * manufactures of paper or of which paper is the component material of chief value, not specially provided for, all the foregoing 35 per centum ad valorem.

The importer protested that the merchandise was either dutiable as filtering paper at 5 cents per pound and 15 per centum ad valorem under paragraph 1309 or as manufactures of pulp at 25 per centum ad valorem under paragraph 1303. The parts of paragraphs 1303 and 1309 upon which the importer relied in his protest as amended read as follows:

1303. * * * manufactures of pulp * * * not specially provided for, 25 per centum ad valorem.
1309. * * * filtering paper, 5 cents per pound and 15 per centum ad valorem.

The United States Customs Court held that the merchandise was not mere filtering paper but complete finished paper thimbles ready for use and overruled the protest, claiming that the goods were dutiable under paragraph 1309 as filtering paper. The court did not pass on the allowed amendment to the protest claiming that the goods were dutiable under paragraph 1303 at 25 per centum ad valorem as manufactures of pulp.

The importer appealed from the judgment of the court and in support of its appeal contends that the merchandise is either filtering paper or a manufacture of pulp.

The testimony in the case and the samples in evidence prove that the thimbles are completed articles having the shape, form, and composition required for the filtering part of a device designed to determine the quantity of fat in foodstuffs and other materials. The proof conclusively establishes that the goods are filters in fact, fitted for immediate use for the special purpose for which they were made. If the filters had been manufactured of paper, they would have to be regarded as manufactures of paper, but as the evidence shows without contradiction that they are made of pulp and not of paper, we must hold that the classification by the collector of the thimbles under paragraph 1313 was incorrect.

Paragraph 1303 provides in explicit terms for manufactures of pulp not specially provided for, and as the goods are manufactures of pulp and not otherwise specially provided for, the importation must be held to be dutiable at 25 per centum ad valorem under that paragraph.

The judgment of the United States Customs Court is therefore reversed.

*Reversed* and *remanded* for further proceedings in accordance with this opinion.