(C. D. 498)

Akawo & Co., Inc. *v.* United States

United States Customs Court, Second Division

(Decided May 19, 1941)

*James W. Bevans* for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard E. Fitz-Gibbon* and *Richard H. Welsh,* special attorneys), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Tilson, Judge: The plaintiff filed this suit against the United States seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties on imported rugs. Duty was levied thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, and the plaintiff claims said rugs to be properly dutiable at only 35 per centum ad valorem under paragraph 921 of said act, as "all other floor coverings, including carpets, carpeting, mats, and rugs, wholly or in chief value of cotton."

The pertinent part of said paragraph 1529 (a) reads as follows:

* * * fringes, * * * and fabrics and articles wholly or in part thereof, finished or unfinished * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, * * *

The collector classified the merchandise as "fringes, * * * and fabrics and articles, wholly or in part thereof."

When this case was called for a hearing samples of the rugs were admitted in evidence, and the case was submitted upon the following stipulation:

It is stipulated by and between counsel that the merchandise involved in this suit, represented by collective exhibit 1, consists of cotton rugs, having their ends

finished by omitting weft threads and allowing the ends of the warp threads to extend beyond the ends of the rugs, and knotting the protruding warp threads in groups at intervals of approximately 1¾ inches.

Counsel for the plaintiff contends in his brief filed herein that, even assuming that the decision in *Kohlberg* v. *United States,* C. A. D. 111, is a correct interpretation of the statute, the *eo nomine* provided for material must appear in the article in the form in which it is separately provided for in said paragraph 1529; that is an article is classified at 90 per centum because it is in part of fringe, the fringe must appear in the article in the form that would render it dutiable as a fringe if imported separately; also that the decisions upon which the classification in this case was based do not correctly interpret the statute, because the history of this legislation shows that the Congress has not differentiated between the expressions "made of," "composed of," or "of," and that there could be no possible difference either in the ordinary usage of the English language or in any legal enactment between the expressions "composed of" and "of."

On the other hand, counsel for the defendant contends in his brief filed herein that this case is controlled by the decisions in *Kohlberg, supra.*

In *Cohen* v. *United States,* 25 C. C. P. A. 220, in construing the terms "made of," "manufactured of," and "manufactured wholly or in part of wool felt," the appellate court reviewed the decisions in the cases of *Burlington Venetian Blind Co.* v. *United States,* 1 Ct. Cust. Appls. 374; *United States* v. *Burlington Venetian Blind Co.,* 3 Ct. Cust. Appls. 378; *United States* v. *Macy & Co.,* 7 Ct. Cust. Appls. 8; *Western Blind & Screen Co.* v. *United States,* 9 Ct. Cust Appls. 68; *United States* v. *Dodge,* 13 Ct. Cust. Appls., 222; *Angel & Co.* v. *United States,* 15 Ct. Cust. Appls. 19; *Curtis & Von Bernuth* v. *United States,* 22 C. C. P. A. 651; *Swedish Venetian Blind Co.* v. *United States,* 24 C. C. P. A. 20, and *Middleton* v. *United States,* 25 C. C. P. A. 155, and then stated:

In addition to the authorities cited, there are many applicable authorities in the reports of the United States Customs Court which it will not be necessary to refer to here, but which are in point and are fully digested and noted in the briefs.

From these citations it is apparent that from the first session of this court it has been a uniform and well-settled holding that the language "made of" or "manufactured of" presupposes that the material of which the article is made or manufactured exists before the article itself comes into existence.

If we were here called upon to construe the phrase "made of," "composed of," "manufactured of," or a similar phrase, we would without hesitation follow the authorities above set out and hold that the rugs in this case in order to be dutiable as articles in part of fringe must be made at least in part of something which had already attained the status or condition entitling it to be regarded as a fringe in and of itself prior to its entry into these rugs. But the phrase we are here called upon to construe is "articles wholly or in part of" fringe whether

known as rugs or by some other name. In construing the provision "wholly or in part of" lace in the *Kohlberg* case, *supra*, this court said:

The fact that these gloves are made of a single thread and by a continuous operation, and the concededly lace cuffs were not made as a distinct article of lace and then attached to the gloves, does not serve to make the cuffs any the less lace, nor does it serve to make the imported article any the less a glove, a substantial portion of which is lace. Not a glove composed in any part, however, small, of lace, but nevertheless a glove, a substantial, if not an essential, portion of which is lace, and that would appear to be all the provision in paragraph 1529 requires.

Webster's New International Dictionary, 1933, defines "fringe" as follows:

Fringe. n. 1. An ornamental border or material for borders consisting sometimes of projecting ends of a fabric twisted or plaited together, and sometimes of loose threads of wool, silk, or linen, or strips of leather, or the like, attached to a band of the same material.

Although the fringe on these rugs had not reached a stage where it was entitled to be regarded as a fringe in and of itself prior to its entry into the rugs, it would nevertheless appear to be well within the above definition of fringe. It was so classified by the collector, and the stipulation in no way contradicts such classification. It would therefore appear that these rugs are at least in part of fringe, and this would appear to be all that is required by said paragraph 1529.

It is our view that the omission from paragraph 1529 of the word "composed," which appeared in paragraph 1430 of the act of 1922, is significant. This was our view in the *Kohlberg* case, *supra*, and it is our view in this case. Our reasoning in the *Kohlberg* case, *supra*, appears to be equally applicable here, and when applied to the facts in this case answers all the material questions presented. In the enactment of paragraph 1529 we are of the opinion that the Congress has manifested an intention to differentiate between an article wholly or in part of fringe, and an article composed in any part, however small, of fringe.

Counsel for the plaintiff contends also that because if the fringe on these rugs were removed it would not be fringe at all, or at least not such fringe as would be dutiable as a fringe under paragraph 1529, it is not within the purview of said paragraph. There is nothing to indicate that the Congress intended to make the classification of fringe dependent upon what might be done to it after importation. Therefore the condition in which this merchandise was imported controls its classification, and as imported the rugs were in part of fringe. *Worthington* v. *Robbins*, 139 U. S. 337; *Dwight* v. *Meritt*, 140 U. S. 213.

For the reasons stated we hold the rugs in this case to be dutiable at 90 per centum ad valorem under paragraph 1529 of the act of

1930 as articles wholly or in part of fringe, as classified by the collector. All of the claims are therefore overruled. Judgment will be rendered accordingly.