J. Manheimer *v*. United States (No. 4670)[1]

United States Court of Customs and Patent Appeals, February 18, 1952

*John D. Rode* for appellant.

*Charles J. Wagner*, Acting Assistant Attorney. General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.

Before Garrett, Chief Judge, and Jackson, O'Connell, Johnson, and Worley, Associate Judges

O'Connell, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Abstract 54967, which held an importation of disks consisting of filtering paper was properly classified by the Collector of Customs at the port of New York as "filtering paper" under the provisions of paragraph 1409 of the Tariff Act of 1930 and assessed by him with duty at the rate of 5 cents per pound and 15 per centum ad valorem.

The court by its judgment also overruled the claim asserted by appellant's protest that the merchandise was properly dutiable at 30 per centum ad valorem under the provisions for paper shaped for boxes or other articles enumerated in paragraph 1413 of the aforesaid tariff act.

The involved paragraphs, so far as pertinent, read as follows:

Par. 1409. * * *, filtering paper, 5 cents per pound and 15 per centum ad valorem; * * *.

Par. 1413. Papers * * * embossed, cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes or other articles, * * * 30 per centum ad valorem * * *.

---

[1] C. A. D. 481.

Counsel for the respective parties at the outset of the trial entered into the following stipulation:

* * * that the merchandise consists of filtering paper in the form of circles; that the paper is not made in large sheets and then cut with a die in the form of circles, but is made on a mould-made machine, each circle being formed individually on the machine, then taken off, pressed between felts, and dried by hanging in a loft; further, that the merchandise is not cut, embossed, die-cut, or stamped into designs or shapes.

Counsel for appellant conceded that "the merchandise is used in its imported condition for filtering purposes," and there is no dispute that the imported paper was formed or shaped into disks or circles of two different sizes of "approximately 19½ inches and 25½ inches in diameter." Appellant contends, among other things, and appellee does not disagree with appellant's argument on the point, that the trial court erroneously held that paragraph 1413 provides for imported paper "cut or shaped *for* boxes or other articles" and does not provide for paper "cut or shaped *into* boxes or other articles." (Italics quoted.)

The stipulation relied upon establishes that the imported filtering paper and the disk-shape thereof were created simultaneously and individually on a mould-made machine and were not the product of a manufacturing process whereby the filtering disks were cut or stamped into shape from larger and previously existing sheets of filtering paper. In other words, prior to the shaping of the filtering paper, the paper had no independent existence as such; and after the paper was made and shaped, as described in the stipulation, the paper was thereafter nowise altered from its original form or shape.

The United States Court of Customs Appeals in the case of *Angel & Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 19, T. D. 42132, held that paper thimbles, shaped in their final form from pulp, were manufactures of pulp and not of paper, on the ground that the statutory terms "made of" or "manufactured of" presupposes that the material of which the imported article was made or manufactured existed before the article itself was created therefrom. Many authorities enunciating the same rule of construction were discussed and approved by us in *Cohn & Lewis* v. *United States*, 25 C. C. P. A. (Customs) 220, 224–226, T. D. 49335.

In the instant case it is agreed by stipulation that the paper was not cut or shaped after it acquired its status as filtering paper. The rule of construction hereinbefore recited is therefore applicable in sustaining the judgment of the United States Customs Court, which judgment is accordingly *affirmed.*