(C.D. 2840)

Nᴇᴡ Yᴏʀᴋ Mᴇʀᴄʜᴀɴᴅɪsᴇ Co., Iɴᴄ. *v.* Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs

United States Customs Court, Second Division

(Decided December 7, 1966)

*Stein & Shostak* (*S. Richard Shostak* of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*Charles P. Deem*, trial attorney), for the defendant.

Before Rᴀᴏ and Fᴏʀᴅ, Judges

Rᴀᴏ, Chief Judge: Certain imported wash cloths, the subject of the protests here involved which have been consolidated for purposes of trial, were assessed with duty at the rate of 22½ cents per pound, pursuant to the provision in paragraph 909 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, for articles in chief value of cotton, made or cut from terry-woven pile fabrics. It is claimed in this action that said merchandise is properly dutiable at only 20 per centum ad valorem as manufactures of cotton, not specially provided for, within the purview of paragraph 923 of said act, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, or by the Japanese Protocol to said General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential proclamation, 90 Treas. Dec. 280, T.D. 53877.

The tariff provisions in controversy are phrased as follows:

Paragraph 909 of the Tariff Act of 1930, as modified, *supra:*

All articles, finished or unfinished, made or cut from pile fabrics provided for in paragraph 909, Tariff Act of 1930:

     *       *       *       *       *       *

Terry-woven _____ 22½¢ per lb., but not less than 20% nor more than 35% ad val.

Paragraph 923 of said act, as modified by T.D. 52373, *supra:*

All manufactures, wholly or in chief value of cotton, not specially provided for:
    Articles of pile construction (except terry-woven towels) _____ 20% ad val.

Paragraph 923 of said act, as modified by T.D. 53865, *supra:*

All manufactures, wholly or in chief value of cotton, not specially provided for:
    Terry-woven towels valued under 45 cents each\_\_ 20% ad val.

     *       *       *       *       *       *       *

    Other (except * * *) _____ 20% ad val.

It was established during the course of trial, through the testimony of a vice president of the plaintiff, who, in support of this litigation, traveled to Hong Kong to observe the method of manufacture of merchandise like that here involved, and the deposition taken pursuant to commission of an employee of a purchasing agency in Hong Kong, who frequently observed such manufacture at various factories in Hong Kong, that the wash cloths in issue were woven on a loom in widths of between 46 and 48 inches, or perhaps as wide as 5 feet, with lines of demarcation formed by omitting four or five threads at 11-inch intervals, both horizontally and vertically; and that, after weaving, the individual wash rags were cut and the edges sewn on a sewing machine.

Predicated upon the foregoing facts, counsel for the plaintiff contends that, since the identity of the wash cloths in issue was established in the loom, there was no preexisting pile fabric from which they can be said to have been made or cut and, hence, said wash cloths were not made or cut from pile fabrics within the contemplation of paragraph 909, as modified, *supra.* The cases of *Ramallah Trading Co.* v. *United States*, 67 Treas. Dec. 748, T.D. 47681, and *Herrmann & Jacobs, Inc.* v. *United States*, 29 CCPA 279, C.A.D. 203, affirming *Herrmann & Jacobs, Inc.* v. *United States*, 6 Cust. Ct. 217, C.D. 466, are cited in support of the proposition that the provisions in paragraph 909 for arti-

cles made or cut from pile fabric presupposes the prior existence of a pile fabric which is susceptible of being made or cut into articles, and does not embrace piece goods woven as separate entities on the loom and needing only to be cut apart to be formed as articles.

The principle of the cited cases derives in part from the doctrine enunciated in the case of *United States* v. *Buss & Co.*, 5 Ct. Cust. Appls. 110, T.D. 34138, to the effect that where articles woven "in the piece," "are imported in the piece and nothing remains to be done except to cut them apart they shall be treated for dutiable purposes as if already cut apart and assessed according to their individual character or identity." It was elaborated with reference to provisions such as are here involved by our appellate court in *Herrmann & Jacobs, supra*, as follows:

It long has been settled by many judicial decisions, construing various tariff acts, that the term "fabrics" ordinarily means cloth, or material, not further manufactured (see for example the case of *United States* v. *Milbank, Leaman & Co.*, 14 Ct. Cust. Appls. 166, T.D. 41693), and that articles composed of such cloth, or material, are distinguished, for tariff purposes, from the cloth, or material itself. * * *

\*      \*      \*      \*      \*      \*      \*

We are of the opinion that the trial court arrived at the right conclusion. Under a long line of decisions by this court, the phrase "made or cut from such pile fabrics," and phrases of the same import, have been so construed as to require the thing from which the article is made or cut to have a preexistence before the making or the cutting takes place. This line of holdings began with this court as early as *United States* v. *Macy & Co.*, 7 Ct. Cust. Appls. 8, T.D. 36256, and was followed in *United States* v. *Dodge*, 13 Ct. Cust. Appls. 222, T.D. 41176; *Angel & Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 19, T.D. 42132; *Curtis & Von Bernuth Mfg. Co.* v. *United States*, 22 C.C.P.A. (Customs) 651, T.D. 47633; *Swedish Venetian Blinds Co.* v. *United States*, 24 C.C.P.A. (Customs) 20, T.D. 48291; and *Cohn & Lewis* v. *United States*, 25 C.C.P.A. (Customs) 220, T.D. 49335.

Counsel for the defendant, in effect, now concedes that the evidence adduced in this case establishes the facts upon which the rule of the *Ramallah* case rests, to wit, that the subject wash cloths were woven in the piece and were not cut from the preexisting fabric. In view of that concession and the uncontroverted testimony of record, we find the merchandise at bar to be excluded from the provisions of paragraph 909, as modified, *supra*, and to be dutiable at the rate of 20 per centum ad valorem as manufactures of cotton, not specially provided for, in said paragraph 923, as modified, *supra*. The claim in the protests to that effect is sustained.

Judgment will be entered accordingly.