# WORTHINGTON *v.* ROBBINS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 230. Argued March 19, 1891. — Decided March 30, 1891.

" White hard enamel," imported in 1884, and used for various purposes when a smooth or enamelled surface was desired, including the making of faces or surfaces of watch dials, the form or condition of it, as imported, affording·no indication of the use to which it was to be applied, and it requiring to be ground or pulverized, and new processes of manufacture to be applied before it could be made of any practical use, the article in this case having been imported for use in making watch dials, and having been in fact so used, was subject to a duty of 20 per cent ad valorem, under § 2513 of the Revised Statutes, as enacted by § 6 of the act of March 3, 1883, c. 121, as an article manufactured in whole or in part, not therein enumerated or provided for, and not to a duty of 25 per cent ad valorem, as " watch materials," not specially enumerated or provided for in the act, under schedule N of § 2502 of the Revised Statutes, as enacted by the same § 6.

In order to be dutiable as " watch materials," the article, when imported, must be in such form of manufacture as to show its adaptation to the making of watches.

The case of *Elgin Watch Co.* v. *Spalding*, 19 Fed. Rep. 411, distinguished.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Parker* for plaintiff in error.

*Mr. J. P. Tucker* for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action brought in the Circuit Court of the United States for the District of Massachusetts by R. E. Robbins and others, copartners as Robbins, Appleton & Co., against Roland Worthington, collector of customs for the revenue district of Boston and Charlestown, to recover an alleged excess of duties, paid under protest, on importations into the port of Boston in

March and May, 1884, of an article known and described in trade as "white hard enamel."

The case was tried by the Circuit Court without a jury on the following statement of agreed facts: "The plaintiffs imported from a foreign country into the United States, to wit, into the port of Boston, in the District of Massachusetts, in the months of March and May, 1884, two lots of white hard enamel, in the steamships Marathon and Samaria, from Liverpool, and made entries of the same at the custom-house in said Boston, for consumption. The defendant, as collector of customs at said port assessed, liquidated and exacted duties upon this enamel at the rate of 25 per cent ad valorem as 'watch materials, not specially enumerated or provided for.' Plaintiffs duly protested to the defendant against the exaction of such rate of duty, and claimed that the lawful duty due upon this enamel was 20 per cent ad valorem, as an article 'manufactured in whole or in part, not herein enumerated or provided for.' A copy of the protest is annexed and made a part hereof. Plaintiffs duly appealed to the Secretary of the Treasury, who sustained the defendant in his action. In due time and form plaintiffs instituted this action for the recovery of duties paid in excess of twenty per cent ad valorem. It is agreed that the merchandise is and was in 1883 known and described in trade as 'white hard enamel;' that it is used for various purposes, including the making of faces or surfaces of watch dials, scale columns of thermometers, faces or surfaces of steam-gauge dials, and for other purposes when a smooth or enamelled surface is desired. It is further agreed that the form or condition of this merchandise, as imported, affords no evidence or indication of the use to which it is to be applied. It is further agreed that this merchandise, in the form or condition as imported, cannot be used for any of the purposes above described, nor for any purposes whatever of practical use to which it is adapted or ever applied; that before it can be applied to any practical use its present form and condition must be changed by grinding or pulverizing, and new processes of manufacture applied. It is further agreed, if it would be competent to prove the same, that the plaintiffs are, and have

been for several years prior to said importations, manufacturers of watches; that the enamel in controversy was imported by them for use in making watch dials, and was in fact so used. If the court shall be of the opinion that the duty lawfully chargeable upon this merchandise was 20 per cent ad valorem, the judgment shall be for the plaintiffs for the excess exacted, to be ascertained by an assessor, with interest and costs. On the contrary, if the court shall be of the opinion that the duty exacted was that lawfully due, then judgment shall be for the defendant for costs."

The protest referred to in the statement of agreed facts was as follows: "Boston, July 3d, 1884. Sir: We respectfully protest against your decision, assessment, liquidation and exaction of duties at the rate of twenty-five per cent ad valorem upon our importation of three packages of white hard enamel marked <KA> 1822/4 in the steamship Samaria from Liverpool and entered for consumption on the 12th day of May last, claiming that under the existing laws of the United States this merchandise is liable only either to a duty of ten per cent or twenty per cent ad valorem. This enamel is not enumerated by name in the tariff; therefore must be classed for duty purposes under some general term or description. It bears no similitude to any named article in the tariff, within the intent or provisions of section 2499 of the act of March 3, 1883, and cannot be classed under that section. It is a crude article, only useful for any purpose by the destruction of its present form and condition, and a complete process of manufacture, and is provided for by section 2513 of said act of March 3, at a duty of ten per cent ad valorem. Should it, however, be held that, on account of its present condition, it is a partially manufactured article, then it is provided for by said section 2513, at a duty of twenty per cent ad valorem. It is not a part of a watch or watch material, within the description and intent of the provisions of schedule N of said act of March 3. It is adapted to, can be, and is used for various purposes, and is not a part of any special article nor a material for any special article. We submit, under compulsion, to get our goods, and shall hold you and the government responsible."

The court ordered judgment for the plaintiffs, and referred the case to an assessor to assess the damages. On his report, a judgment was entered for the plaintiffs for $53.14 and costs. To review that judgment, the collector has brought a writ of error.

The question for decision is, whether the article imported was liable to the duty assessed upon it by the collector, of 25 per cent ad valorem, under that clause of schedule N of section 2502 of the Revised Statutes, as enacted by section 6 of the act of March 3, 1883, c. 121, 22 Stat. 514, which read as follows: "Watches, watch-cases, watch-movements, parts of watches and watch materials, not specially enumerated or provided for in this act, twenty-five per centum ad valorem;" or whether it was liable to a duty of 20 per cent ad valorem, under section 2513 of the Revised Statutes, as enacted by the same section 6 of the act of March 3, 1883, which read as follows: "There shall be levied, collected and paid on the importation of all raw or unmanufactured articles, not herein enumerated or provided for, a duty of ten per centum ad valorem; and all articles manufactured, in whole or in part, not herein enumerated or provided for, a duty of twenty per centum ad valorem."

It is contended for the government that the article in question fell under the head of "watch materials." But we are of opinion that this contention is unsound, and that the article was dutiable at 20 per cent ad valorem, as an article manufactured in whole or in part, not otherwise enumerated or provided for.

By the statement of agreed facts, the article was, when the tariff act applying to it was enacted, known and described in trade as "white hard enamel," and "is used for various purposes, including the making of faces or surfaces of watch dials, scale columns of thermometers, faces or surfaces of steam-gauge dials, and for other purposes when a smooth or enamelled surface is desired." It thus appears that it is not used exclusively for the making of faces or surfaces of watch dials; and, although it is stated in the statement of agreed facts that the enamel in controversy was imported by the

plaintiffs for use in making watch dials, and was in fact so used, there was nothing to prevent them from selling it to persons who would use it for the other purposes for which it is stated it is used.

It appears further, that the form or condition of the merchandise as imported affords no evidence or indication of the use to which it is to be applied; that, in the form or condition as imported, it cannot be used for any of the purposes mentioned, nor for any purposes whatever of practical use to which it is adapted or ever applied; and that, before it can be applied to any practical use, its present form and condition must be changed by grinding or pulverizing, and new processes of manufacture be applied.

It is apparent, from the facts stated, that the customs officers could not determine from an examination of the article to which of the uses named it was to be applied, or that it was to become the material of a watch. In order to produce uniformity in the imposition of duties, the dutiable classification of articles imported must be ascertained by an examination of the imported article itself, in the condition in which it is imported. In order to be dutiable as "watch materials," the article, when imported, must be in such form of manufacture as to show its adaptation to the making of watches.

The article in question was, to all intents and purposes, raw material. If it were to be classed as "watch materials," it would follow that any metal which could ultimately be used, and was ultimately used, in the manufacture of a watch, but could be used for other purposes also, would be dutiable as "watch materials." In order to be "watch materials," the article must in itself bear marks of its special adaptation for use in making watches. The fact that the article in question was used in the manufacture of watches has no relation to the condition of the article as imported, but to what afterwards the importer did with it.

The government relies upon the decision of Judge Blodgett, in the Circuit Court of the United States for the Northern District of Illinois, in *Elgin Watch Co.* v. *Spalding*, 19 Fed. Rep. 411, in which the question involved was whether an

article known in trade as "watch enamel" was dutiable at 40 per cent ad valorem, under the last clause of schedule B of section 2504 of the Revised Statutes, as "manufactures of glass, or of which glass shall be a component material, not otherwise provided for," or to a duty of 25 per cent ad valorem as "watch materials," under schedule M of section 2504: and it was held that the article was not a manufacture of glass, but was dutiable as "watch materials." But in that case it is stated that the article there in question was known to the trade as "watch enamel," and was used only, so far as was disclosed by the evidence, for enamelling the faces or dials of watches. It does not appear by the report of that case whether or not there was any earmark upon the imported article to indicate its proposed use. That case was not, in its facts, at all like the present one, and this case must be decided upon the facts shown by the record.

*Judgment affirmed.*