**PHILADELPHIA STORAGE BATTERY CO. v. LEDERER, Collector, etc.**

**SAME v. McCAUGHN, Collector, etc.**

District Court, E. D. Pennsylvania. August 9, 1927.

Nos. 11284, 11286.

1. **Constitutional law ⊂⊃68(4), 77—Neither executive, judiciary, nor both can impose tax under guise of construing tax law; Congress alone having taxing power.**

Neither the executive nor the judiciary nor both combined can directly impose tax or indirectly impose tax under the guise of construing tax law; Congress alone having the power to tax.

2. **Internal revenue ⊂⊃9(11)—Phrases of statute taxing specified articles sold or leased by manufacturer, producer, or importer are to be given meaning possessed in trades concerned (Revenue Act 1918, § 900, and Revenue Act 1921, § 900 [Comp. St. § 6309⅘a]).**

In interpreting Revenue Act 1918, § 900, and Revenue Act 1921, § 900 (Comp. St. § 6309⅘a), providing that there shall be levied, assessed, collected and paid upon specified articles "sold or leased by the manufacturer, producer, or importer" a specified tax, phrases of statute must be given the meaning which they have in the trades concerned.

3. **Internal revenue ⊂⊃9(11)—Statute taxing automobiles and motorcycles, parenthetically including "accessories therefor, sold on or in connection therewith or with the sale thereof," places manufacturers of vehicles and manufacturers of accessories on the same plane (Revenue Act 1918, § 900, and Revenue Act 1921, § 900 [Comp. St. § 6309⅘a]).**

Revenue Act 1918, § 900, and Revenue Act 1921, § 900 (Comp. St. § 6309⅘a), taxing articles sold or leased by manufacturer, producer, or importer, among others, automobiles and motorcycles, parenthetically including "accessories therefor, sold on or in connection therewith or with the sale thereof," places the manufacturers of vehicles and the manufacturers of accessories upon the same plane.

4. **Internal revenue ⊂⊃9(11)—Statute taxing accessories for automobiles held not to tax storage batteries; "for"; "accessories" (Revenue Act 1918, § 900, and Revenue Act 1921, § 900 [Comp. St. § 6309⅘a]).**

Revenue Act 1918, § 900, and Revenue Act 1921, § 900 (Comp. St. § 6309⅘a), imposing manufacturers' tax on tires, inner tubes, parts, or accessories for any of enumerated articles, including automobiles sold to persons other than manufacturers or producers of these articles, *held* not to impose tax on storage batteries sold to these persons; storage batteries being "accessories" of fully equipped automobiles and being made "for" automobiles, in the sense that the manufacturer caters to the automobile trade, but there being no such thing as storage batteries for automobiles in the nomenclature of the trade.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accessory; For.]

5. **Statutes ⊂⊃219—Regulations of Internal Revenue Department and rulings thereof on questions of fact are helpful to court as executive constructions of statute (Revenue Act 1918, § 900, and Revenue Act 1921, § 900 [Comp. St. § 6309⅘a]).**

Regulations of the Internal Revenue Department and the rulings made upon their application to given fact situations are helpful to the court in construing Revenue Act 1918, § 900, and Revenue Act 1921, § 900 (Comp. St. § 6309⅘a), imposing a manufacturers' tax on accessories for vehicles as executive constructions of the statute not partial to either government or taxpayer.

At Law. Actions to recover tax payments, the first by the Philadelphia Storage Battery Company against Ephraim Lederer, Collector, etc., and the second by the Philadelphia Storage Battery Company against Blakeley D. McCaughn, Collector, etc.; the court sitting without a jury. Judgments for plaintiff.

C. C. Norris, Jr., of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. The conclusion reached in this cause is that the plaintiff should recover judgment.

*Discussion.*

These are two tax payment cases against succeeding collectors, a part of the total payment having been made to one and a part to the other. There is some overlapping of the respective claims in the pleadings, which counsel have agreed to correct by a stipulation and appropriate amendments, leave to make which is hereby granted. The law of one case is the law of the other and arises out of the same state of facts. They are in consequence treated as one action and discussed as one case. The action is to recover tax payments exacted without authority of law. The sole question is that of the lawfulness of the tax. Viewing the tax gatherer under the figure of a hunter sportsman, automobiles have become his favorite game. The tax demand is warranted, if at all, by two acts of Congress, one of which amends the other. They are identical in language, except by the addition in the later act of two words which allow an exemption, with which this case does not directly concern itself. We take the later act as the one to be construed. It is known as R. S. § 900, passed November 23, 1921 (Comp. St. § 6309⅘a). No constitutional questions are raised, and counsel are agreed that the sole question is one of the proper construction of the act, and to

this we are asked to restrict the discussion. [1] The argument for the plaintiff begins of course by invoking the doctrine that tax laws, as the expressions go, are to be construed "most strongly" against the United States and "most favorably" to the taxpayer. The true doctrine, as it has been stated to be, is that neither the executive nor the judiciary nor both combined can directly impose a tax. What cannot be done directly cannot be done by indirection under the guise of construing a tax law. Congress alone has the power to tax.

[2, 3] This takes us to the act itself. It is not an altogether correct view, but, for the purposes of the case, we may look upon this as a tax imposed upon things, those which are taxed being designated by the names which Congress has applied to them. We thus find what is taxed by finding the things which bear the names or labels which Congress has applied to what is taxed, and we recognize them by names or labels by which so designated. If the thing claimed to be taxed is not so known, then it is not subject to the tax. Tax laws, like all other laws, are made to be obeyed. They should therefore be intelligible to those who are expected to obey them. The command here is directed to "manufacturers, producers and importers" of the "articles" named. It is, because of this, a fair inference that Congress spoke to them in their own language. This means that the phrases of the law are to be given the meaning they have in the trades concerned. One sometime helpful attitude of mind in the interpretation of statutes is for the reader to get the viewpoint of the legislator. This legislator may be assumed to have had in mind to levy what may be termed a manufacturer's tax upon the producer's output of gas engine vehicles. Analyzing the development of the thought in his mind into its successive steps, he (1) taxed vehicles used for business purposes, which he designated as "automobile trucks" and "automobile wagons" at one rate. He then (2) taxed at a higher rate "all other automobiles and motor cycles." The thought then (3) obtruded itself that some manufacturers made completed cars while others made all the parts, which were afterwards assembled by another "producer," and a distinction grew up between those who made cars and those who made different parts, including what came to be known as "accessories." To meet this situation, the parenthetical phrase of the act was inserted. We construe this to mean that the manufacturers of cars and the manufacturers of accessories were put upon the same plane.

[4] At this stage in the evolution of this tax a further thought was suggested. There might be a manufacturer who made these same accessories "for automobile trucks," etc., but sold them, not to dealers in automobiles, but to others. This led to the addition of class 3 to the list of taxpayers, and brings us close to the question now presented. The taxing clause must be construed with the fact in mind that the enumerated parts, including automobile "accessories," while largely used and hence made "for automobiles," were also used and again hence made "for" other uses. The exception incorporated in the act of 1921 here comes into play, for the "accessory" made might be made "for a tractor," and, if so made, is not taxable.

We are thus brought squarely to face the specific question here presented. The plaintiff made "storage batteries," and the cause concerns itself solely with them. A storage battery is now one of the "accessories" of a fully equipped automobile, and is now made "for automobiles," in the sense that the manufacturer of storage batteries caters to the automobile trade. Storage batteries are, however, made for other uses and are extensively used in other ways than as automobile "accessories." The sales here were to others "than manufacturers or producers" of gas engine vehicles. The parties expect to be able to agree upon the volume of sales to which the tax is applicable, if to any. If they do not so agree, the court will make the appropriate finding if either of the parties ask us so to do. The act of Congress enumerates two "articles" by the specific names of "tires and inner tubes," and then adds the more generic terms, "parts and accessories." It is to be noted that "storage batteries" are not listed by name among the taxed "articles." The question would then become whether they are "parts" or "accessories" of automobiles. The question is narrowed, however, by a further phrase which may be expanded into "sold for any automobile truck, automobile wagon, other automobile or motorcycle." The taxed thing, therefore, must not only be an automobile "part or accessory," but it must be "sold" "for" such, although not sold to a manufacturer or producer of automobiles. The distinction here to be made is one so fine as to be with some difficulty verbally expressed. Counsel for defendant would seem to interpret the word "for" or the words "sold for" as meaning an "article" sold for the purpose of being used as part of an automobile equipment or any-

21 F.(2d)—21

thing which can be and is commonly, generally, and extensively so sold and used. If this is the proper interpretation of the phrase, then judgment should be rendered for defendant, because we have already found the fact to be that storage batteries now go with an automobile fully equipped with all accessories, and we find the further fact that storage batteries are made for the automobile trade in the sense that purchase for such use is a large and important part of the trade in storage batteries. The use of storage batteries on cars is so general that it may with substantial truth be deemed to be universal.

Counsel for plaintiff, on the other hand, takes the view that neither the volume of this branch of the storage battery trade nor its relative importance to the manufacturer touches the question, but that the real question is whether storage batteries are commercial articles generally for a varied use, although including automobile purposes. If they are, they are not "for" automobile use, for the simple reason that they are "for" other uses, and the truth of the statement is unaffected by the fact that among the uses of storage batteries the automobile occupies a large and important place. If this is the correct view, the plaintiff should have judgment, because we have found, that storage batteries do have these other uses for which they are sold in the ordinary course of business. To this we add the further finding, to which the plaintiff gives some emphasis, that storage batteries were in use before the automobile and would be made and sold to-day if the automobile had never come into existence. We are inclined to make a somewhat different approach to the subject under inquiry, although it may be that it comes to be very much the same view as that of the plaintiff. As we view it, the question is one of identification, and the test is whether the "article" attempted to be taxed is the "article" upon which the tax has been imposed by law. This brings it pretty close to a question of trade nomenclature or terminology. The word "for" does not mean adapted to or extensively used in automobiles or sold for the purpose of an automobile use, but it is part of the name of a thing which is taxed. For illustration, among the things taxed are tires. The full name given the thing to be taxed is a "tire for an automobile," or, in other words, an "automobile tire." If there is a thing known to the trade as an automobile tire or as a tire for automobiles, then that is the thing taxed. If there is no such known thing (that is no thing thus known), then there is

nothing to which the tax can attach, and you cannot tax something else on the plea that it is a thing which will serve the purpose of a tire on an automobile. There is, we assume, a thing known as and by the name of "artillery wheel" and perhaps known as an "automobile artillery wheel" or an "artillery wheel for automobiles." If a tax is laid upon artillery wheels, the thing to be taxed is known. If laid on a special type of artillery wheels as "artillery wheels for automobiles," again what is to be taxed is known. If there was no type of wheel so known, a wheel could not be taxed merely because it was adapted to be used indifferently on either gun carriages or automobiles or was made and sold for such intended use. We will venture upon one more illustration. There is a trade in stockings. There is likewise a type of stockings known to the trade as stockings "sold for" women or as "women's stockings" or "ladies' hose." If a tax were laid on "stockings sold for women," there would be a definite "article" responsive to this name or descriptive phrase, and this responsiveness would not be destroyed by the other fact, if it were one, that the fashion of wearing knickerbockers had made an extensive trade in the same type of stocking sold to men or "for" their use. On the other hand, if the trade knew only stockings, and there was no type known as stockings "for" women, but that stockings were sold to and "for" men and women without distinction, and a tax were levied upon "stockings sold for men" or "for" women, then the "article" taxed would be indefinite and unknown, because there would be no "article" responsive to the taxing name or descriptive phrase, and in consequence no "article" which could be identified as the one taxed.

The thought which we think we have in mind is not thus very happily or very clearly expressed, but something of an analogue can be found in the laws which tax "personal property" possessed in a given jurisdiction. It was first held following the well-known legal maxim or adage that personal property had no location or abiding place other than that of the domicile of the owner that personal property was taxable only in the jurisdiction of the owner, but this was soon modified, and it was early held that so called "tangible property" could be taxed wherever it was. Very important items in any list of personal property holdings might consist of bank notes, municipal bonds, other bonds and mortgages, certificates of stock in corporations. Strictly speaking, none of these things is personal property in the sense that things

tangible are, and they at one time were not so deemed in the usage of common speech. They were spoken of as what in strictness they are, merely evidences of debt or of a right to share in the assets of a corporation. In time, however, common speech began to include them in the name of personal property. Bank notes were early so included, but later on, at greater or less intervals, they were all taken into the meaning of the phrase "personal property" and were given a status as tangible property, so that bank notes, bonds of all kinds, and certificates of stock which were within the jurisdiction of the taxing power would now be held to be taxable under the generic term of personal property, precisely as would a horse or wagon. This is because the language of such a tax law is to be construed as the language of common speech, and to-day in common speech a bond or mortgage or certificate of stock is itself property, just as a bank note had long been regarded.

[5] Our finding is that there is no such thing as an "automobile storage battery" or a "storage battery for automobiles" in the nomenclature of the trade, and no "article" or thing so known. It follows that the plaintiff did not make or sell any. What it sold were "storage batteries," and these are not taxed by the act. The construction which we give to the phrase "sold for automobiles" is not anything which the seller or buyer intends for automobile use or that which is in fact so used nor anything which is adapted to such use, but it is whether the thing attempted to be taxed can be identified as the thing which the law has taxed by the name or descriptive phrase used in the law. Light is thrown upon the general question by the decided cases, although of course each was ruled upon its own facts. Aid is likewise given by adjudications in the customs cases, because the question is essentially one of classification. In the Revenue Acts the equivalent phrase is commonly "used for." The difference in the phrase employed may work a difference in the construction. The regulations of the Department and the rulings made upon their application to given fact situations also supply help as executive constructions given to the law. The latter rulings cannot be charged with partiality to either the government or the taxpayer because they rule the question first for one and then for the other.

We think the conclusion reached is not out of line with the weight of authority of the cases to which we have been referred, among

which are the following: Magone v. Wiederer, 159 U. S. 555, 16 S. Ct. 122, 40 L. Ed. 258; U. S. v. United States Express Co. (C. C.) 94 F. 642; Dayton Brass Castings Co. v. Gilligan (D. C.) 267 F. 872; U. S. v. Riga (C. C.) 171 F. 783; Cadwalader v. Wanamaker, 149 U. S. 532, 13 S. Ct. 979, 983, 37 L. Ed. 837; U. S. v. Massachusetts General Hospital (C. C. A.) 100 F. 932; Worthington v. Robbins, 139 U. S. 337, 11 S. Ct. 581, 35 L. Ed. 181.