No. 57726.—Christian Dior Perfume Corp. and American Express Co. *v.* United States, protest 175611–K (New York).

MOLLISON, Judge:   This case involves the classification of certain articles invoiced as "Individual suede case for Drams." They were classified under paragraph 1531 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as "flat goods c. v. leather," carrying a duty assessment of 25 per centum ad valorem. Plaintiffs claim the merchandise properly dutiable under the said paragraph, as amended, as "cases, not jewelry," at only 20 per centum ad valorem.

There was received in evidence as illustrative of the merchandise in question a small case of suede leather (plaintiffs' exhibit 1). Examination of the article discloses that it is about 2½ inches long and 1½ inches wide, made by sewing two pieces of suede together on three sides, leaving one end open. Inscribed on the article are the words "Christian Dior Paris."

The case was submitted upon the following stipulation:

* * * that the merchandise * * * consists of suede leather articles represented by the exhibit submitted in connection herewith; that said exhibit may be received in evidence and marked exhibit 1; that exhibit 1 is designed for use and is chiefly used as a container for a bottle of perfume, one dram in size; that exhibit 1 is customarily sold with a dram bottle of perfume; that the article as thus sold is customarily carried by women in the purse and that the specific function and purpose of the exhibit is to provide a suitable container in the purse for a dram bottle of perfume.

Paragraph 1531 of the Tariff Act of 1930, as modified by the trade agreement, T. D. 51802, *supra*, insofar as pertinent, provides:

Bags, * * * wholly or in chief value of leather * * *:

> \*       \*       \*       \*       \*       \*       \*
>
> Coin purses, change purses, billfolds, bill cases, bill rolls, bill purses, bank-note cases, currency cases, money cases, cardcases, license cases, pass cases, passport cases, letter cases, and similar flat leather goods, 25% ad val.
> Bags, baskets, belts, satchels, pocketbooks, jewel boxes, portfolios, and boxes and cases, not jewelry; any of the foregoing not provided for heretofore in this item, 20% ad val.

The sole question here for determination is whether the imported merchandise (plaintiffs' exhibit 1) is "flat leather goods," as provided for under the above-modified provisions of the trade agreement.

Samples are potent witnesses. *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029; *United States* v. *The Halle Bros. Co.*, 20 C. C. P. A. (Customs) 281, T. D. 46077; *United States* v. *Fred. Gretsch Mfg. Co., Inc.*, 28 C. C. P. A. (Customs) 26, C. A. D. 120. Visual examination of the sample in evidence shows that it is a small suede case which is made by sewing two pieces of suede together on three sides, with one end open for the insertion of the article to be contained therein. That it is flat admits of no denial. In such respect, it is like the leather cases enumerated in the modified provisions of the trade agreement for "* * * bill cases, bill rolls, bill purses, bank-note cases, currency cases, money cases, cardcases, license cases, pass cases, passport cases, letter cases," to all of which the imported article is similar in construction, namely, two-ply leather goods, having an opening at one end for the containing of articles therein.

In support of their claim that the imported merchandise is not dutiable, as classified, the plaintiffs in their brief contend that the imported article, unlike the enumerated items, does not remain flat after the insertion of the vial for which this article was intended. Merchandise, however, is classifiable in its condition as imported. *Worthington* v. *Robbins*, 139 U. S. 337. As imported, the involved article is flat and properly classifiable under the modified provisions of the act for flat leather goods.

Further support for denial of the plaintiffs' claim may be had by advertance to the type of articles enumerated in the modified provisions of the act under which the involved merchandise is claimed dutiable. The imported article is unlike any of those provided for therein, none of which are ordinarily constructed in the manner of the leather article here in question.

The plaintiffs in this case have failed in their burden of establishing that the imported merchandise is not flat leather goods, as classified. The protest claim is, therefore, overruled. Judgment will issue accordingly.