NATIONAL CARLOADING CORP. v. UNITED STATES (No. 4863)[1]

---

United States Court of Customs and Patent Appeals, February 21, 1957

*Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for appellant.
*George Cochran Doub,* Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Richard H. Welsh,* trial attorney, of counsel), for the United States.

[Oral argument October 2, 1956, by Mr. Schwartz and Mr. Welsh]

Before Johnson, Chief Judge, and O'Connell, Worley, Cole, and Rich, Associate Judges

Rich, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, C. D. 1731, overruling the importer's protest and sustaining the collector's classification of merchandise, consisting of metal sockets of the push-button type, as articles not specially provided for in chief value of metal, dutiable at 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930. It is appellant's contention that the sockets should have been classified under paragraph 353 of the Act as wiring devices dutiable at the rate of 35 per centum ad valorem.

These sockets are screw sockets for common screw base electric light bulbs and contain switches operated by push buttons protruding from opposite sides by which the current is turned on and off.

The pertinent text of the respective paragraphs read as follows:

Par. 397. Articles or wares not specially provided for * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

Par. 353. All articles [1] suitable for producing, rectifying, modifying, controlling, or distributing electrical energy; [2] *electrical* telegraph (including printing and typewriting), telephone, signaling, radio, welding, ignition, *wiring*, therapeutic, and X-ray apparatus, instruments (other than laboratory), and *devices;* and [3] articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs; [4] all the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem. (Italics supplied.)

The record establishes that the imported sockets are used chiefly but not exclusively as parts of lamps or parts of lighting fixtures; that the sockets, as illustrated by the importer's Exhibit 1, are designed to be connected to wires which supply electric current to them; that the current passes through the sockets, the switches in which are adapted to make and break the circuit, thereby controlling the passage of the current by means of push-buttons; that possibly seventy per cent of the sockets are used in connection with lamps or lighting fixtures and the remaining thirty per cent are used with extension cords.

The case at bar was twice tried by the Customs Court, and in both instances the action of the collector in classifying the sockets as articles in chief value of metal was sustained.

Comparing the provisions in question, it clearly appears that the sockets, which are shown by the record to be wiring devices, should fall within the purview of paragraph 353, *supra*, rather than under paragraph 397 as articles or wares *not specially provided for*. The lower court, however, has arrived at the opposite conclusion on the strength of this court's decision in *A. N. Khouri & Bros.* v. *United States*, 22 C. C. P. A. (Customs) 28, T. D. 47037, as assertedly reinforced by the decision in *United States* v. *Minami & Co., Inc.*, 29 C. C. P. A. (Customs) 169, C. A. D. 188.

The merchandise involved in the *Khouri* case, *supra*, consisted of "floor and base lamps" which were usable, after being wired and equipped with switches, sockets and bulbs, for electrical lighting. When imported, such articles were not so wired or equipped. They were classified and assessed with duty by the collector under the basket clause of paragraph 397. The appellant there relied upon the claim in its protest that they were articles suitable for distributing electrical energy. That claim was decided adversely to the appellant. On appeal, this court affirmed, holding that the merchandise involved should be classified under paragraph 397 and not under 353 stating: "We do not regard the *lamps* or *lamp bases* here at issue as being the type of electrical apparatus, instrument, or device intended to be covered by the paragraph." (Emphasis added.) The court however, in discussing an assignment of error relative to the exclusion of certain evidence and proposed exhibits, further stated:

* * * we are quite convinced that a mere showing that electric wires are put in the lamps, and that bulbs and other appurtenances essential to ordinary electric lamp lighting are placed therein, would not serve to bring the lamps within the paragraph. *Such wires, bulbs, switches, and sockets are not the character of elements to which we think the paragraph alludes.* We find no error in the exclusion of the testimony.

The italicized portion of the matter quoted immediately above is the language in the *Khouri* case upon which the lower court relies.

Since the issue in that case was whether or not floor and base lamps should be dutiable under paragraph 353, *supra*, the court's remarks with respect to the dutiable status of switches and sockets were dicta and recognized as such by this court in *United States* v. *N. Minami & Co., Inc.*, *supra*, where Judge Garrett, the author of both opinions, stated:

With respect to the *Khouri & Bro.* case, *supra*, it seems proper to say at this point that in our study of the instant case we have taken occasion to reexamine the record which was there presented, as well as our opinion (written by the writer of the instant opinion), with the result that while we have no doubt as to the correctness of our conclusion there, so far as the issue actually before us was

concerned, it must be conceded that the opinion contained certain *dicta* not essential to the decision.

\* \* \* \* \* \* \*

\* \* \* we said, *inter alia*, "Such wires, bulbs, switches, and sockets are not the character of elements to which we think the paragraph alludes." The Government emphasizes that expression in its argument in the instant case because, as we understand it, of its contention to the effect that the involved merchandise is similar to lighting fixtures, but it does not contend that it necessarily controls here.

Inasmuch as the claim of the importer in that case was limited as above described, the expression so quoted from our decision was unnecessary in a determination of the case upon the merits.

In view of the above, we see nothing in the *Khouri* case which compels the conclusion that the sockets here involved should fall under the basket clause of paragraph 397, *supra*. Any force which could be accorded the dictum in that case has been clearly dispelled by this court.

In the *Minami* case, *supra*, the merchandise before the court consisted of Christmas wreaths constructed of wood chip, each with an electric cord and metal socket attached and used generally at Christmas time for decorative purposes. The Customs Court and our court on appeal sustained the importer's protest that the wreaths were not dutiable as "Articles or wares not specially provided for" under paragraph 397, *supra*, but as "Articles having as an essential feature an electrical element or device, such as \* \* \* signs" under paragraph 353.

The lower court relies primarily on the legislative history of paragraph 353 as developed in that case and which can be summarized as follows:

H. R. 2667, which eventuated in the Tariff Act of 1930, as reported from the Committee on Ways and Means and as it passed the House, carried a paragraph numbered 387 which read:

Par. 387. Illuminating or lighting fixtures, lamps, lamp bases, candelabra, and candlesticks, any of the foregoing and parts thereof, finished or unfinished, not specially provided for, if wholly or in chief value of base metal or alloy, 50 per centum ad valorem; if wholly or in chief value of, or plated with, platinum, gold, or silver, 65 per centum ad valorem.

No special reference was made to it in the report of the Committee on Ways and Means, but in the report of the Senate Committee on Finance (Senate Report No. 37, 71st Congress, 1st Session, page 19) the following appeared:

Paragraph 387.—Lighting Fixtures

Provision for lighting fixtures has been eliminated with the intent of making them dutiable under the basket paragraph 398.

In the subsequent renumbering of paragraphs in the Act, paragraph 398, referred to above, became No. 397, under which the merchandise here in issue has been classified.

In addition to the facts above, the Senate Committee's report made a further explicit declaration of intention relating to paragraph 353, *supra:*

It is not intended that this paragraph should include lighting fixtures, provided for in paragraph 387 of the House bill, and eliminated therefrom by the Senate committee.

Also, in the statement of the managers on the part of the House, filed in connection with the conference report (H. R. Report 1892, 71st Congress, 2nd session) at page 64, it was said the effect of striking out paragraph 387 (to which the House agreed) was "to throw the items into the basket clause of the metal schedule."

In view of the above legislative history the lower court concludes that it was the congressional intent to exclude metal sockets from paragraph 353 and include them under paragraph 397.

With this conclusion we cannot agree.

It is clear that Congress did not intend to include lighting fixtures in paragraph 353 but it is not clear that sockets are to be so excluded. Proposed paragraph 387, the materials within which are now classifiable under the basket clause of paragraph 397, provided for lighting fixtures, lamps, lamp bases, candelabra, any of the foregoing and parts thereof, not specially provided for. No mention whatever is made of sockets. The lower court reasons that metal sockets must fall within the scope of this provision because they may be used in lighting fixtures and when so used can be considered parts thereof. But it is well established that if merchandise is to be classified by ultimate use (in this case, as part or parts of lighting fixtures) within a tariff designation, it must be dedicated to such use. *Worthington* v. *Robbins*, 139 U. S. 337; *Athenia Steel and Wire Co.* v. *United States*, 1 Ct. Cust. Appls. 494, T. D. 31528; *United States* v. *Lyon & Healy*, 4 Ct. Cust. Appls. 438, T. D. 33873; *United States* v. *National Importing Co. (Inc.) et al.*, 12 Ct. Cust. Appls. 186, T. D. 40169; *United States* v. *Schenkers, Inc.*, 17 C. C. P. A. (Customs) 231, T. D. 43669; cf. *Davies, Turner & Co.* v. *United States*, 40 C. C. P. A. (Customs) 193, C. A. D. 517. The record here shows that sockets are neither designed nor manufactured for exclusive use with lighting fixtures. A great number of them, in fact, are used with extension cords and may be, and no doubt often are, imported for such purposes. Such use is neither casual nor incidental but substantial and widespread. This being so, the sockets here involved are not parts of lighting fixtures or lamps *in the tariff sense* even though they may be, and often are, used in them.

Proposed paragraph 387, furthermore, referred to parts of lighting fixtures etc. *not specially provided for*. Even assuming, but without conceding, that sockets may, in one sense, be parts of lighting fixtures, it would seem that they are such parts as are specially classified by use under paragraph 353 as wiring devices and should be withdrawn from proposed paragraph 387 and placed thereunder.

Though we are not unmindful of the proposition that rules of specificity must give way to a clearly shown contrary legislative intent, *Rosenberg & Co.* v. *United States*, 7 Ct. Cust. Appls. 213, T. D. 36510; *United States* v. *E. DeGrandmont, Inc.*, 21 C. C. P. A. (Customs) 17, T. D. 46345, for the reasons outlined above, we perceive no such intent in this case. We accordingly adhere to our conclusion that the merchandise in issue is more specifically provided for under paragraph 353, *supra*, as wiring devices than under paragraph 397, *supra*, as wares, not specially provided for.

The conclusion reached by the lower court in the instant case is diametrically opposed to its ultimate conclusion on rehearing in the case of *Criterion Lamp & Shade Co.* v. *United States*, 32 Cust. Ct. 58, C. D. 1580, which was not appealed. There it was held that electrical key sockets which, concededly, are similar in all material respects to the push button sockets here involved, should be classified as electrical wiring devices under paragraph 353 and not as parts of lighting fixtures under paragraph 397.

For the reasons hereinbefore stated, the judgment of the United States Customs Court is *reversed* to conform to the judgment of the *Criterion* case, *supra*, thus resolving the conflict between it and the instant case.

COLE, J., was present at the argument of this case but, because of illness, did not participate in the decision.

O'CONNELL, Judge, concurring.

It is clear from the evidence of record that the sockets here involved are properly described as wiring devices and the Customs Court assumed "that such articles are 'in a broad sense' wiring devices." Accordingly, unless the sockets are also parts of lighting fixtures, they are properly classifiable under paragraph 353, as contended by appellant.

Whether or not the sockets are parts of lighting fixtures depends upon whether they are dedicated to such use. That issue is not treated either in the decision of the Customs Court or in the briefs on this appeal. However, since it is inherent in the case and its determination is necessary to proper classification of the merchandise, we may properly consider it. For the reasons set forth in the principal opinion herein, and in view of the principles stated in our recent decision in *United States* v. *F. B. Vandegrift & Co., Inc.*, 44 C. C. P. A. (Customs) 15, C. A. D. 628, I am of the opinion that the sockets here involved are not dedicated to use in lighting fixtures and are properly classifiable as wiring devices under paragraph 353.