In view of the foregoing, plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment is granted. The action is, therefore, dismissed.

Judgment will be entered accordingly.

HARWOOD MANUFACTURING CO., A DIVISION OF ELGIN NATIONAL INDUSTRIES, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82-5-00724

Court No. 82-5-00725

(Consolidated)

Before CARMAN, *Judge.*

(Decided September 19, 1984)

*Stack & Filpi* (Mark D. DeBofsky at the trial) for plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division (*Jerry P. Wiskin* at the trial) for the defendant.

CARMAN, *Judge:* Defendant moves for rehearing and amendment of judgment pursuant to Rule 59 of the Rules of this court.[1] Defendant contends that in Slip Op. 84-57, the court mistakenly afforded GSP treatment to five of the disputed entries. Defendant also maintains the court erred by failing to consider the headnote definition for "clock cases" and by applying an incorrect test in overruling the statutory presumption of correctness. In Slip Op. 84-57, the court, after trial, ruled that the imported merchandise, consisting of wood and rattan frames, was classifiable under item A222.60 of the Tariff Schedules of the United States (TSUS) and entitled to duty-free entry under the Generalized System of Preferences (GSP). The classification of the United States Customs Service (Customs) under item 720.34, providing for "clock cases and parts thereof," was overruled because the merchandise, in its im-

---

[1] Rule 59(a) of the Rules of the United States Court of International Trade provides:
  (a) Grounds. A new trial or rehearing may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

ported condition, was found not to be suitable for use as a clock case.

The judgment in Slip Op. 84-57 must be modified to the extent that GSP treatment was afforded to five of the disputed entries.

This action, as consolidated, covers six entries. At the trial, Plaintiff's Exhibits 5, 8, and 11 were offered and consisted of three Customs Certificates of Origin (Form A), and, to the court's understanding, covered five of the disputed entries. It is now clear that two of the disputed entries, Nos. 81-507696-0 and 81-508568-9, were not covered by the Form A's introduced at trial. Since the filing of the Form A is a condition precedent to GSP treatment, *see* 19 C.F.R. § 10.112 (1983),[2] those two entries should not have been accorded GSP treatment. Accordingly, duty must be assessed on entries 81-507696-0 and 81-508568-9 at the rate of 11 percent ad valorem.

With respect to entries 81-507871-9, 81-507987-3 and 81-507266-3, plaintiff filed Form A's at the trial. *See* Plaintiff's Exhibits 5, 8, 11. Counsel for defendant noted an objection, maintaining that plaintiff had laid no foundation for the late introduction of the Form A's. Under section 10.112 of the Customs Regulations, defendant contended, it was incumbent on plaintiff to demonstrate its freedom from willful negligence or fraudulent intent in explaining why the Form A's were not submitted at the time the entries were made. The court acknowledged the objection and reserved decision thereon.

In Slip Op. 84-57, the court gave effect to Plaintiff's Exhibits 5, 8, and 11. The court interpreted section 10.112 as placing on defendant the burden of showing plaintiff's willful negligence or fraudulent intent in not filing the Form A's at entry. This burden properly rests on plaintiff. *See, e.g., Mattel, Inc.* v. *United States,* 67 CCPA 74, 76, 624 F.2d 1076, 1078 (1980); *Green Giant Co.* v. *United States,* 79 Cust. Ct. 61, 70 (1977). This burden, minimal as it was, was not satisfied at the trial since plaintiff adduced no evidence on the point.

The language following *"Id."* and continuing until *"CONCLUSION,"* appearing at page 9 of Slip Op. 84-57 to the effect that section 10.112 places a burden on defendant is hereby vacated and withdrawn. The language appearing at page 10 of Slip Op. 84-57, namely, "and entitled to duty-free entry under the GSP," is similarly vacated and withdrawn.

Defendant also claims the court overlooked the statutory definition of "clock cases" contained in Headnote 2(d), Part 2E, Schedule

---

[2] 19 C.F.R. § 10.112 (1983) provides:

Whenever a free entry or a reduced duty document, form, or statement required to be filed in connection with the entry is not filed at the time of the entry or within the period for which a bond was filed for its production, but failure to file it was not due to willful negligence or fraudulent intent, such document, form, or statement may be filed at any time prior to liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final. *See* § 113.43(c) of this chapter for satisfaction of the bond and cancellation of the bond charge.

7, of the Tariff Schedules of the United States (TSUS).[3] The court did not "disregard" this definition as defendant suggests, but, rather, found it nonapplicable. The court found, as a matter of fact, that the merchandise, in its imported condition, simply did not qualify as a clock case and thus could not come within the headnote definition. The imported frames could have been used for virtually anything, ranging from mirrors to paintings.

Similarly, and contrary to defendant's assertion that the court applied a "dedication to use" test, the court found as a matter of fact that the merchandise, as imported, was amenable to several uses, including frames for pictures or mirrors. If the court was applying any test at all, it was the time-honored one that, for classification purposes, merchandise must be considered and examined in the condition in which it is imported. *See United States* v. *Citroen,* 233 U.S. 407, 414–15 (1912). Under this "test," classification of the imported frames under the "clock cases" provision was precluded. "The fact that the article in question was used in the manufacture of [clocks] has no relation to the condition of the article as imported, but to what afterwards the importer did with it." *Worthington* v. *Robbins,* 139 U.S. 337, 341 (1891).

### Conclusion

In accordance with the points outlined above, defendant's motion for rehearing and amendment of judgment is granted. All entries in this consolidated action, with the exception of 81–507512–3, which is properly classifiable under item A222.60, TSUS, free of duty, are properly classifiable under item 222.60, TSUS, with duty at the rate of 11 percent ad valorem.

Order accordingly.

---

[3] Headnote 2(d) of Subpart E, Part 2, Schedule 7, TSUS, provides in relevant part:
The term *"cases"* embraces inner and outer cases, containers, and housings for movements, together with parts or pieces, such as, but not limited to, rings, feet, posts, bases, and outer frames, and any auxiliary or incidental features, which (with appropriate movements) serve to complete the watches, clocks, time switches, and other apparatus provided for in this subpart * * *.