RICO IMPORT COMPANY, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 93–1321.

United States Court of Appeals, Federal Circuit.

Dec. 20, 1993.

Edward Glad, Glad & Gerguson, Pasadena, CA, submitted for plaintiff-appellant.

Edith Sanchez Shea, Atty., Commercial Litigation Branch, Dept. of Justice, New York City, submitted for defendant-appellee. With her on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office.

Before PLAGER and SCHALL, Circuit Judges, and PRATT *, Senior Circuit Judge.

PLAGER, Circuit Judge.

Rico Import Company appeals a decision[1] of the Court of International Trade affirming a classification of goods under the Harmonized Tariff Schedule of the United States by the Customs Service. We *reverse* the decision of the Court of International Trade.

## A.

### Background and Procedural History

Rico Import Company (Rico) imports tubes from France into the United States for the production of the "reed" used in clarinets and saxophones. Rico produces these tubes from the "giant reed," *Arundo donax,* which grows to a length of 18–24 feet. The reeds are harvested during the winter, when the plant is dormant. In their state as harvested, the reeds are dried for four to six months. While drying, the reeds are kept well ventilated but out of direct sunlight. After the first drying process, the leaves, stems, and husks are removed from the poles. The bare poles are then cut into 6–8 foot lengths. The poles are further cured in the sun for up to two weeks. The cured poles are cut again, removing the nodes that divide the plant's stem into sections. The resulting tubes are sorted into two sizes: one less than 24 mm in diameter and the other

---

* Honorable George C. Pratt, U.S. Court of Appeals for the Second Circuit, sitting by designation.

1. We note that Rico Import Company has challenged the classification of goods made from *Arundo donax* before. *See Rico Import Co. v. United States,* 469 F.2d 699 (CCPA 1972). The law has changed, and *res judicata* is not an issue.

from 24 to 27 mm in diameter. The tubes are sorted by wall thickness as well as by diameter. In this condition, the tubes are imported to make "reeds" for musical instruments. The smaller tubes are used for clarinets, the larger ones for saxophones.

*Arundo donax* may also be plaited and used to make cane furniture, in conjunction with chain link fencing to make opaque barriers, to make light and disposable roofs for construction sites, and so forth. The *Arundo donax* tubes imported by Rico are not suitable for plaiting, and are used solely for the production of reeds for musical instruments.

The Customs Service (Customs) originally maintained that Rico's tubes were properly classified under subheading 4602.10.50 of the Harmonized Tariff Schedule of the U.S. (1990) (HTSUS).[2] A tariff of 3.0% *ad valorem* is applied to goods entering the United States covered by subheading 4602.10.50, HTSUS. Before the Court of International Trade (CIT), Rico protested the classification of its goods under subheading 4602.10.50, HTSUS, and argued that subheading 1404.-90.00, HTSUS should have been applied to its tubes instead. Customs countered that *Arundo donax* was specifically covered by subheading 1401.90.40, HTSUS. The CIT found that Customs had abandoned its original contention that the tubes were dutiable under 4602.10.50, HTSUS. *Rico Import Co. v. United States,* 797 F.Supp. 1028, 1029 (CIT 1992).

In pertinent part, the Harmonized Tariff Schedule provides:

## CHAPTER 14

### VEGETABLE PLAITING MATERIALS; VEGETABLE PRODUCTS NOT ELSEWHERE SPECIFIED OR INCLUDED

| Heading/ Subheading | Article Description | Rate of Duty |
|---|---|---|
| 1401 | Vegetable materials of a kind used primarily for plaiting (for example, bamboos, rattans, reeds, rushes, osier, raffia, cleaned, bleached, or dyed cereal straw and lime bark): | |
| 1401.90 | Other | |
| 1401.90.40 | Other | 5%[2] |
| | [2] See heading 9903.10.19 | |
| 9903.10.19 | Other vegetable materials of a kind used primarily for plaiting (provided for in subheading 1401.90.40) | 3.8% |

\* \* \* \* \*

| | | |
|---|---|---|
| 1404 | Vegetable products not elsewhere specified or included: | |
| 1404.90.00 | Other | Free |

As there was no dispute over any material fact, the CIT decided the case on a motion for summary judgment. The CIT held that Subheading 1401.90.40, HTSUS applied to the *Arundo donax* tubes imported by Rico. Rico appeals to this court.

**2.** In all respects pertinent to this opinion, the Harmonized Tariff Schedule for 1993 is identical to that of 1990.

### B.

### Standard of Review

The CIT recognized that "[s]ummary judgment is properly granted only where there is

**1090**

no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Rico Import Co. v. United States,* 797 F.Supp. 1028, 1029 (CIT 1992), (citing *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1390 (Fed.Cir.1987)). This case turns on a question of interpretation of the classifications established by the Tariff Schedule. This court has held such interpretation to be a question of law, and therefore reviewed by this court without deference to the trial forum. *Digital Equip. Corp. v. United States,* 889 F.2d 267, 268 (Fed.Cir. 1989).

### C.

#### Analysis

Heading 1401, HTSUS applies to "vegetable materials of a kind used primarily for plaiting (for example, bamboos, rattans, reeds, rushes, osier raffia, cleaned, bleached or dyed cereal straw and lime bark)." Subheading 1401.90.40, HTSUS incorporates by reference subheading 9903.10.19, HTSUS, which imposes a 3.8% tariff on "other vegetable materials of a kind used primarily for plaiting." The question is thus whether the *Arundo donax* tubes imported by Rico are "of a kind used primarily for plaiting."

The goods at issue are defined by stipulation. As imported, the tubes are vegetable products intended for use in the manufacture of musical instruments, specifically as reeds in the mouthpieces of clarinets and saxophones. The parties have stipulated that the tubes are in fact used for nothing else. The parties have further stipulated that, in their condition as imported, the tubes are unsuitable for plaiting.

The assertion of Customs that the reeds even as imported *might* be split, and would then be suitable for plaiting, strikes us as an overbroad basis for a tariff. "The dutiable classification of articles imported must be ascertained by an examination of the imported article itself, in the condition in which it is imported." *Worthington v. Robbins,* 139 U.S. 337, 341, 11 S.Ct. 581, 583, 35 L.Ed. 181 (1891). Under the rationale proffered by Customs, all flammable materials entering the U.S. might be dutiable as fuel. Congress did not pass a law with the specificity of the Harmonized Tariff Schedule in order to encourage the taxation of fictional uses of imported products. The tubes are not suitable for plaiting, and are not in fact plaited. Rico imports tubes used to make musical instruments, not plaiting materials. The obvious conclusion is that the plain language of subheading 1401.90.40, HTSUS excludes Rico's goods.

### CONCLUSION

The judgment of the CIT is reversed.

**REVERSED.**