(C.D. 2711)
PETER J. SCHWEITZER DIVISION, KIMBERLY-CLARK CORPORATION v. UNITED STATES

United States Customs Court, Third Division

(Decided June 16, 1966)

*Lipkowitz, Plant, Salberg & Harris* (*Roy Plant* of counsel) for the plaintiff. *John W. Douglas*, Assistant Attorney General (*Andrew P. Vance* and *James S. O'Kelly*, trial attorneys), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: The collector classified the merchandise at bar as flax straw, under TSUS item 192.60, charging it with duty at 75 cents per ton. Plaintiff's protest claims that the merchandise is more specifically described in item 250.04, which is a free entry enumeration.

These two tariff items, to the extent here relevant, are as follows:

Straws and other fibrous vegetable substances not specially provided for, crude or processed:

\* \* \* \* \* \* \*

192.60 Flax straw

250.04 Waste paper and paperboard, and scrap paper and paperboard products fit only for remanufacture; and flax and hemp fibers to be used in paper making

This suit, having been docketed on the Pembina, N. Dak., calendar, was submitted by the parties on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the above named parties herein that the trial and determination of this action by the above Court be upon the statement of facts hereinafter set forth; and

IT IS HEREBY FURTHER STIPULATED that the following are the facts agreed upon by the parties herein:

1. Plaintiff imported into the United States from Canada flax straw containing flax fiber to be used in paper-making. The importation came over the highway through the Port of Walhalla, North Dakota, between September 30, 1964 and November 18, 1964, both dates inclusive. The entry numbers with the respective dates of entry and the respective dates of assessment and liquidation were as set forth in the following table:

| Entry No. | Date of entry | Liquidated |
| --- | --- | --- |
| 875 | 9/30/64 | 1/22/65 |
| 876 | 9/30/64 | 1/22/65 |
| 889 | 10/1/64 | 1/22/65 |
| 939 | 10/5/64 | 1/22/65 |
| 940 | 10/5/64 | 1/22/65 |
| 941 | 10/5/64 | 1/22/65 |
| 959 | 10/7/64 | 1/22/65 |
| 1028 | 10/12/64 | 1/22/65 |
| 1029 | 10/12/64 | 1/22/65 |
| 1030 | 10/12/64 | 1/22/65 |
| 1031 | 10/12/64 | 1/22/65 |
| 1090 | 10/16/64 | 1/22/65 |
| 1091 | 10/16/64 | 1/22/65 |
| 1092 | 10/16/64 | 1/22/65 |
| 1093 | 10/16/64 | 1/22/65 |
| 1094 | 10/16/64 | 1/22/65 |
| 1125 | 10/19/64 | 1/22/65 |
| 1159 | 10/22/64 | 1/22/65 |

| Entry No. | Date of entry | Liquidated |
|---|---|---|
| 1160 | 10/22/64 | 1/22/65 |
| 1161 | 10/22/64 | 1/22/65 |
| 1178 | 10/23/64 | 1/22/65 |
| 1179 | 10/23/64 | 1/22/65 |
| 1219 | 10/27/64 | 1/22/65 |
| 1220 | 10/27/64 | 2/5/65 |
| 1221 | 10/27/64 | 1/22/65 |
| 1250 | 10/29/64 | 1/22/65 |
| 1305 | 11/2/64 | 1/22/65 |
| 1306 | 11/2/64 | 1/22/65 |
| 1307 | 11/2/64 | 1/22/65 |
| 1308 | 11/2/64 | 1/22/65 |
| 1310 | 11/2/64 | 1/22/65 |
| 1336 | 11/4/64 | 1/22/65 |
| 1337 | 11/4/64 | 1/22/65 |
| 1398 | 11/9/64 | 1/22/65 |
| 1399 | 11/9/64 | 1/22/65 |
| 1400 | 11/9/64 | 1/22/65 |
| 1401 | 11/9/64 | 1/22/65 |
| 1448 | 11/13/64 | 1/22/65 |
| 1449 | 11/13/64 | 1/22/65 |
| 1450 | 11/13/64 | 1/22/65 |
| 1451 | 11/13/64 | 1/22/65 |
| 1453 | 11/13/64 | 1/22/65 |
| 1516 | 11/18/64 | 1/22/65 |
| 1517 | 11/18/64 | 1/22/65 |

As set forth in the above table, all of the entries were assessed and liquidated on January 22, 1965, except entry No. 1220, which was liquidated on February 5, 1965. The decision, liquidation and assessment by the Collector of Customs at the Port of Walhalla imposed import duties at 75¢ per ton, based upon the provision relating to flax straw contained in Item 192.60 of the Tariff Schedules of the United States.

2. The attached sample is representative of the imported merchandise. The annexed sample has been detached and, subject to the approval of the court, it is admitted in evidence as defendant's exhibit A.

3. Notice of dissatisfaction with and protest against the foregoing decision, liquidation and assessment was duly, properly and timely made by plaintiff, expressly upon the ground that the imported article should be classified under Item 250.04 of the Tariff Schedules as flax fiber for paper-making.

4. In the case of each of the above entries, the sole purpose of the entry was to use the flax fiber contained in the flax straw for paper-making. Plaintiff (and its predecessor, Peter J. Schweitzer, Inc.) has been engaged in paper-making for many years, and has never been engaged and is not now engaged in any other business. While the article known as flax straw is not necessarily restricted to use in paper-making, the imported article in this case was purchased and imported for actual use in paper-making, and such actual use in paper-

making was intended at the time of importation. The imported article has been actually so used in papermaking.

5. Flax straw is the stalk of the flax plant, or that portion of the plant which is left after all seed has been removed. The stalk of the flax plant contains flax bast fiber and flax shive fiber. After the importation of the article before the Court, plaintiff followed its uniform practice—the stalk of the flax plant was decorticated in order to remove some of the shive fiber and other undesired materials (weeds, dust, gums, resins, etc.). In so decorticating the flax stalk, approximately two-thirds of the shive is removed and the balance is known as decorticated flax fiber.

This decorticated flax fiber is then cooked and further processed, so that the flax fibers become pulp for making fine grades of paper. Such actual use was the purpose and intention of plaintiff in purchasing and importing the article before the Court, and the article has been used for that purpose.

6. Plaintiff indicated its intention at the time of importation and in its protest that the flax fiber was to be used for paper-making and contended that the article should, therefore, be admitted duty-free pursuant to Item 250.04 of the Tariff Schedules.

7. The parties agree that this case be submitted for decision on this stipulation and the official papers covering these entries on file with the United States Customs Court. Plaintiff requests sixty days from the date of this submission within which to serve and file its brief, and defendant requests sixty days after receipt of plaintiff's brief within which to serve and file its brief.

Exhibit A, representative of the imported merchandise, is received in evidence.

Accepting this stipulation as an agreed statement of facts, we take up the issues of law, on which counsel have filed briefs.

It is the essence of the rule of relative specificity, as an aid to tariff classification, that the article in issue shall be one that is described, and hence classifiable, under two or more tariff items. Then, and only then, the relative specificity of each of the classifications is to be tested by the statutory and judicial rules prescribed for such testing. Our first responsibility, since relative specificity is here the protest basis, is to decide whether the proofs before us sufficiently support the premise of plaintiff's claim, namely, that the merchandise at bar is described both in item 192.60 and in item 250.04.

There is no question that this is flax straw, the article enumerated *eo nomine* in item 192.60.

Is the merchandise at bar also flax fiber, the article enumerated in item 250.04 and classifiable thereunder if the flax fiber is imported for the described use?

The stipulated facts and the merchandise (exhibit A) sufficiently show that the flax straw, as imported, did contain flax fibers; that, after importation, the flax straw was decorticated, that is, the fibers

were separated from the straw; that the fibers, thus separated, were used for paper making; and that the flax straw was imported for that use, namely, to be subjected to decortication and the fibers thus obtained used in paper making.

The issue here does not concern competition between an enumerated classification and the unenumerated, or catchall, classification. Cases cited by counsel that involved that competition are not a guide to decision here.

Nor do we have here a competition between the enumeration of a general class, by use, and a specific descriptive enumeration, an issue that is frequently litigated.

Here there are two descriptive enumerations, both specific as to the article that is described. One of the descriptive enumerations, that in item 250.04, is further narrowed by language of use. However, we never get to consideration of use until we first find that the merchandise at bar is aptly described both as flax straw and as flax fiber.

That Congress intended to describe two separate and distinct articles of commerce, straws and fibers, is evident. In the Tariff Schedules as originally enacted, there was enumeration of straws, but no enumeration of fibers. In the revision adopted May 16, 1963, based on Tariff Classification Study, Fifth Supplemental Report, enumeration of fibers was added in item 250.04, on which plaintiff's claim relies. In submitting this revision to Congress, the revisers presented the following explanatory note:

This change will continue the free status of certain flax and hemp fibers presently admitted free of duty under paragraph 1750, Tariff Act of 1930.

This distinction between straws and fibers is of long standing. It is found in the Tariff Act of 1930, and also in earlier statutes.

It is axiomatic that imported merchandise is to be classified according to its condition at the time of importation, and not on the basis of some condition resulting from post-importation processing.

On accepted principles of tariff interpretation here applicable to the facts of record, we find that the merchandise at bar, in its condition as imported, is flax straw, an article which is enumerated in item 192.60 without qualification as to use. Irrespective of use, it is not, as imported, the article flax fiber which is enumerated in item 250.04. This makes it unnecessary for us to consider the relative specificity of the two provisions or the use for which the merchandise straw was imported.

The protest is overruled. Judgment will be entered accordingly.