PETER J. SCHWEITZER DIVISION, KIMBERLY-CLARK CORPORATION *v.* UNITED STATES (No. 5269)*

United States Court of Customs and Patent Appeals, March 9, 1967

*Lipkowitz, Plaut, Salberg & Harris (Irving D. Lipkowitz, Roy Plaut,* of counsel) for appellant.

*Barefoot Sanders,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, *Arthur E. Schwimmer* for the United States.

[Oral argument February 8, 1967 by Mr. Plaut and Mr. Schwimmer]

Before RICH, Acting Chief Judge, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK**

ALMOND, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, overruling the protest of the importer, 57 Cust. Ct. 9, C.D. 2711. The merchandise in issue was classified as "flax straw" under item 192.60 of the Tariff Schedules of the United States (hereinafter TSUS) and assessed with duty at the rate of 75

*C.A.D. 902.
**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

cents per ton. Appellant contends that the merchandise is properly classifiable under item 250.04 as "flax * * * fibers to be used in paper making" and, therefore, free of duty.

The statutes involved are, in pertinent part, as follows:

Item 192.60 of the TSUS:

> Straws and other fibrous vegetable substances not specially provided for, crude or processed:
>
>     \*           \*           \*           \*           \*           \*           \*
>
>     Flax straw_____ 75¢ per ton

Item 250.04 of the TSUS:

> Waste paper and paperboard, and scrap paper and paperboard products fit only for remanufacture; and flax and hemp fibers to be used in paper making_____ FREE

The parties have stipulated that appellant imported into the United States from Canada "flax straw containing flax fiber to be used in paper-making"; that flax straw is the stalk of the flax plant, or that portion of the plant remaining after all the seed has been removed; and that the stalk of the flax plant contains flax bast fiber and flax shive fiber. In order to reduce the flax straw to the flax fiber used in paper making, the sole purpose for which appellant imported the flax straw, the flax straw must first be subjected to a decortication process. This process was performed after importation. The stipulation states:

After the importation * * *, plaintiff followed its uniform practice—the stalk of the flax plant was decorticated in order to remove some of the shive fiber and other undesired materials (weeds, dust, gums, resins, etc.). In so decorticating the flax stalk, approximately two-thirds of the shive is removed and the balance is know as decorticated flax fiber. This decorticated flax fiber is then cooked and further processed, so that the flax fibers become pulp for making fine grades of paper. * * *

Flax straw is, however, "not necessarily restricted to use in paper-making * * *."

The issue to be resolved requiries us to determine whether the imported flax straw is also flax fiber within the meaning and intent of the TSUS.

The Customs Court held that the subject importation is not flax fiber in its imported condition and that it was properly classifiable as flax straw. The court reasoned as follows:

Here there are two descriptive enumerations, both specific as to the article that is described. One of the descriptive enumerations, that in item 250.04, is further narrowed by language of use. However, we never get to consideration of use until we first find that the merchandise at bar is aptly described both as flax straw and as flax fiber.

That Congress intended to describe two separate and distinct articles of commerce, straws and fibers, is evident. In the Tariff Schedules as originally en-

acted, there was enumeration of straws, but no enumeration of fibers. In the revision adopted May 16, 1963, based on Tariff Classification Study, Fifth Supplemental Report, enumeration of fibers was added in item 250.04, on which plaintiff's claim relies. In submitting this revision to Congress, the revisers presented the following explanatory note:

This change will continue the free status of certain flax and hemp fibers presently admitted free of duty under paragraph 1750, Tariff Act of 1930.

This distinction between straws and fibers is of long standing. It is found in the Tariff Act of 1930, and also in earlier statutes.

It is axiomatic that imported merchandise is to be classified according to its condition at the time of importation, and not on the basis of some condition resulting from post-importation processing.

On accepted principles of tariff interpretation here applicable to the facts of record, we find that the merchandise at bar, in its condition as imported, is flax straw, an article which is enumerated in item 192.60 without qualification as to use. Irrespective of use, it is not, as imported, the article flax fiber which is enumerated in item 250.04. This makes it unnecessary for us to consider the relative specificity of the two provisions or the use for which the merchandise straw was imported.

We have reviewed and considered the *Summaries of Tariff Information*, the cases cited, and the contentions of opposing counsel as set forth in the briefs and argued orally before us. We are convinced that "flax straw is the *dried stem* of the flax plant *before* the extraction of the fiber." II *Summaries of Tariff Information* 1615 (1929). [Emphasis ours.] In other words, the product is not known as fiber until *after* the extraction process. We agree with the court below that the distinction between straw and fibers "is of long standing." We are not aware of any alteration of the law or judicial pronouncement eliminating the distinction between these two separate articles of commerce. Certainly nothing has been called to our attention persuasive to the contrary.

We further agree with the court below that, for classification purposes, the nature of imported merchandise must be determined as of the date of importation. *Worthington* v. *Robibns*, 139 U.S. 337 (1891); *United States* v. *The Winkler-Koch Engineering Co.*, 41 CCPA 121, C.A.D. 540 (1953).

We find nonpersuasive appellant's reliance on dictionary definitions of the words "fiber" and "decorticate" to support the contention that the imported article was flax fiber as well as flax straw. Appellant is bound by, and we must accept as an agreed fact, the decortication process as set forth in the stipulation of the parties. It is through this process operating on the flax straw or stalk, *after importation*, that two-thirds of the shive together with weeds, dust, gums, and resins are removed from the imported flax straw in order to produce the flax fiber, which is then further processed in order that it may be utilized for its intended purpose.

We must therefore agree with the court below that the merchandise, as imported, is flax *straw* within the purview of item 192.60 and subject to duty as prescribed therein.

The judgment of the Customs Court is *affirmed*.